FILED
Oct 02, 2019
02:19 PM(CT)
TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT NASHVILLE

| | | |
|---|---|---|
| Leonardo Calderon-Fuentes,<br>　　　　Employee, | ) | Docket No. 2018-06-1735 |
| v. | ) | |
| CEVA Logistics U.S. Holdings,<br>　　　　Employer, | ) | State File No. 58665-2018 |
| And | ) | |
| New Hampshire Ins. Co.,<br>　　　　Carrier. | ) | Judge Kenneth M. Switzer |

---

## EXPEDITED HEARING ORDER DENYING REQUESTED RELIEF

---

This case requires the Court to determine whether Leonardo Calderon-Fuentes, while driving a forklift, collided with another moving forklift and suffered injuries. At a September 26 hearing, CEVA Logistics U.S. Holdings offered evidence from four of its employees disputing Mr. Calderon-Fuentes's account of the events. Based on the evidence, the Court finds Mr. Calderon-Fuentes did not demonstrate that he would likely prevail at a hearing on the merits. His requested relief is denied at this time.

## Claim History

According to Mr. Calderon-Fuentes, on July 25, 2018, while driving his forklift, he collided with another forklift driven by Anthony Banks.[1] He felt immediate pain, but he thought it would subside with time. Mr. Calderon-Fuentes observed no damage to the forklifts and stated that CEVA has cameras at work that would have recorded the accident.

Mr. Calderon-Fuentes testified that he and Mr. Banks summoned their supervisor, Carie Williams, to report the accident. He told Ms. Williams he "had pain but I didn't think it was going to get worse." He did not ask to go to a doctor at that time. Ms. Williams told him to keep working, which he did, finishing his shift. He moved the

---

[1] Mr. Calderon-Fuentes's first language is Spanish. Steven Robinson interpreted at the hearing.

1

forklift because it was "on the line," but he did not drive anymore that day. Mr. Calderon-Fuentes worked for eight more days after the incident, until August 2, when he asked to leave because he was not feeling well.

Mr. Calderon-Fuentes said he never received a panel of physicians. Tomie Hill, CEVA's training and safety manager, confirmed this in his direct testimony, stating, "We have a panel of doctors that we choose. Uh, Concentra was chosen . . . for his care." CEVA did not introduce into evidence a signed panel form. Ultimately, Mr. Calderon-Fuentes treated on his own, but he introduced no records of the treatment other than work excuses.

Mr. Hill further testified regarding Mr. Calderon-Fuentes's assertion that video footage exists of the accident. Mr. Hill stated he reviewed the available footage but no cameras are in the area where the incident occurred. When asked why, he said he did not place the cameras; rather, security did.

Ms. Williams testified live and in a declaration that she investigated the incident on July 25. Another worker who speaks Spanish interpreted Mr. Calderon-Fuentes's account of the accident, which she documented in an incident report. Near the top of the document, a box is checked that characterized the incident as a "near miss." However, the interpreter wrote that "other driver appear [sic] from receiving stagin[g] area when he hit me[.]" The report states "no injuries." Ms. Williams testified that following the incident, she asked whether Mr. Calderon-Fuentes had any injuries or needed to see a doctor, and he said no. He signed the report, which is in English. Mr. Calderon-Fuentes testified that he does not read English.

Ms. Williams further testified that she took statements from eye witnesses, Marise Edouard and Anthony Banks. Ms. Edouard told her the drivers stopped before impact. Mr. Banks, the other driver, likewise told her no impact occurred. Ms. Edouard and Mr. Banks signed sworn declarations stating the same but did not testify at the hearing.[2]

Much of the testimony revolved around sensors placed on the forklifts. Ms. Williams explained that when a forklift hits an object, an "impact alert" sends an email to Mr. Hill, and the forklift becomes inoperable until it is reset. In this instance, however, she said both Mr. Banks and Mr. Calderon-Fuentes were able to operate their forklifts afterward. Mr. Hill stated that he did not receive an impact email from the sensors on the forklifts, which he described as "sensitive." On cross-examination, Mr. Hill said, "It's rare that a lift doesn't lock-out when there's an impact." He explained that a sensor might not send an alert if a forklift hit a support beam, but "a hard impact forklift collision" would set it off, and he hasn't "had a forklift collision that hasn't shut down on

---

[2] CEVA subpoenaed them, but for unknown reasons they did not appear. Mr. Calderon-Fuentes did not subpoena them to appear.

2

[him]." For his part, Mr. Calderon-Fuentes testified, "I've been working there for six years, and a forklift will never lock up, even if it's hard-crashed."

As for authorized treatment, Mr. Calderon-Fuentes saw a physician assistant at Concentra on August 3, who noted he "was on forklift was hit by another forklift pain in back DOI 07/25/2018." The physician assistant placed him on restrictions. Mr. Hill testified that CEVA offered to accommodate Mr. Calderon-Fuentes's work restrictions. CEVA introduced a Bona Fide Offer of Employment in support of this contention.

CEVA denied the claim on August 13, citing "no accident arising out of the course and scope of his employmen[t]." Mr. Calderon-Fuentes took leave under the Family and Medical Leave Act. He returned to work without restrictions in December 2018 and continues working at CEVA.

## Findings of Fact and Conclusions of Law

An injured worker retains the burden of proof at all stages of a workers' compensation claim. *Buchanan v. Carlex Glass Co.,* 2015 TN Wrk. Comp. App. Bd. LEXIS 39, at *6 (Sept. 29, 2015). At an expedited hearing, a trial court may grant relief if the court is satisfied that an employee has met the burden of showing that he or she is likely to prevail at a hearing on the merits. *Id.* Here, Mr. Calderon-Fuentes must show he suffered an accidental injury "caused by a specific incident, or set of incidents, arising primarily out of and in the course and scope of employment, and is identifiable by time and place of occurrence." Tenn. Code Ann. § 50-6-102(14)(A) (2018).

The proof about the events leading to this claim of injury varies significantly. On one hand, Mr. Calderon-Fuentes credibly testified about the events before and after the alleged forklift collision on July 25. He stated that his forklift made actual contact with Mr. Banks's, resulting in pain and injury. Although Ms. Williams's accident report characterizes the incident as a "near miss," it also states, "other driver appear [sic] from receiving stagin[g] area when he hit me[.]" Further, Mr. Calderon-Fuentes gave a similar history of injury to providers at Concentra. The Court finds it plausible that the forklifts could collide without damaging either one.

On the other hand, the Court must weigh the testimony of supervisors who did not witness the accident but rather conducted investigations afterward. Ms. Williams spoke to, and CEVA obtained declarations from, two eye witnesses who said the forklifts did not collide. Although they were not present at the hearing for Mr. Calderon-Fuentes to cross-examine, their statements are sworn, and the Court must assign some weight to them.

But perhaps most compelling is the testimony regarding the sensors, which is circumstantial evidence. The Appeals Board cited longstanding law that "[a]ny fact may

3

be proved by direct evidence, circumstantial evidence, or a combination of the two" and that "[t]he law does not distinguish between the probative value of direct evidence and the probative value of circumstantial evidence." *LaGuardia v. Total Holdings USA, Inc., d/b/a Hutchinson Sealing Sys.*, 2017 TN Wrk. Comp. App. Bd. LEXIS 73, at *8-9 (Nov. 29, 2017).

Mr. Hill credibly testified that he did not receive an email alerting him of a forklift collision on the date of the incident and that the sensors are "sensitive." He said that it is "rare" for a sensor not to send an alert on impact. He acknowledged that it might not happen when striking a support beam but maintained that a "hard impact" collision would have sent an alert. Likewise, Ms. Williams credibly explained the forklifts would have been inoperable after an impact until they are reset. However, Mr. Calderon-Fuentes admitted he was able to move his forklift after the incident, albeit merely to move it off the line.

Mr. Calderon-Fuentes insisted that he never saw a forklift stop working after a hard impact over the course of his six years at CEVA. The Court finds no explanation for the discrepancies in their testimony. Regardless, weighing Mr. Calderon-Fuentes's testimony on this point against that of Mr. Hill and Ms. Williams, the Court credits their contention that the sensors on their forklifts would have alerted Mr. Hill and that the forklifts would have been inoperable had a collision occurred.

Therefore, on this record, Mr. Calderon-Fuentes did not satisfy his burden to show likelihood of a "specific incident, or set of incidents, arising primarily out of and in the course and scope of employment," as the statute requires. The Court is unable to grant the requested medical or temporary disability benefits at this time.

Having ruled, the Court must also comment on CEVA's handling of Mr. Calderon-Fuentes's assertion of an injury. Mr. Calderon-Fuentes testified that he never received a panel of physicians. Mr. Hill confirmed, "We have a panel of doctors that we choose. Uh, Concentra was chosen . . . for his care." CEVA did not introduce a panel into evidence.

When an injured worker expresses a need for medical care, "[t]he employer shall designate a group of three (3) or more independent reputable physicians . . . from which the injured employee shall select one (1) to be the treating physician." Tenn. Code Ann. § 50-6-204(a)(3)(A)(i). The Court finds CEVA did not comply with this provision when it directed Mr. Calderon-Fuentes to Concentra. This case is referred to the Compliance Program for consideration of a penalty. *See* Tenn. Code Ann. § 50-6-118(a)(12) (The Bureau may collect penalties for an employer's failure to timely provide a panel of physicians).

4

IT IS, THEREFORE, ORDERED AS FOLLOWS:

1. Mr. Calderon-Fuentes's requested relief is denied at this time.

2. This case is set for a Scheduling Hearing on **December 2, 2019, at 9:00 a.m. Central Time.**  You must call 615-532-9552 or toll-free at 866-943-0025 to participate.  Failure to call might result in a determination of the issues without your participation.

3. This case is referred to the Compliance Program for consideration of the imposition of a penalty for CEVA's failure to offer a panel of physicians.

**ENTERED October 2, 2019.**

**JUDGE KENNETH M. SWITZER**
**Court of Workers' Compensation Claims**

5

## APPENDIX

Exhibits
1. Affidavit of Leonardo Calderon-Fuentes
2. First Report of Injury
3. Denial
4. Composite medical records
5. Declaration of Tomie Hill/attached proof of wages
6. Declaration of Carie Williams and attachments
7. Declaration of Marise Edouard
8. Declaration of Anthony Banks
9. Bona Fide Offer of Employment

Technical Record
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Show-Cause Order
4. Request for Expedited Hearing
5. Order on Show-Cause Hearing
6. Employer's Position Statement

## CERTIFICATE OF SERVICE

I certify that a copy of this Order was sent as indicated on October 2, 2019.

| Name | Certified Mail | Regular mail | Email | Sent to |
|---|---|---|---|---|
| Leonardo Calderon-Fuentes, Self-represented Employee | X | | | 320 Welch Rd., Apt. G3 Nashville TN 37211 |
| Tyler Smith, Employer's attorney | | | X | tsmith@lewisthomason.com rcorrigan@lewisthomason.com |
| Compliance Program | | | X | WCCompliance.Program@tn.gov |

Penny Shrum
WC.CourtClerk@tn.gov

6



## Expedited Hearing Order Right to Appeal:

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



**EXPEDITED HEARING NOTICE OF APPEAL**
Tennessee Division of Workers' Compensation
www.tn.gov/labor-wfd/wcomp.shtml
wc.courtclerk@tn.gov
1-800-332-2667

Docket #: _____

State File #/YR: _____

**Employee** _____

v.

**Employer** _____

## Notice

Notice is given that _____

[List name(s) of all appealing party(ies) on separate sheet if necessary]

appeals the order(s) of the Court of Workers' Compensation Claims at _____

_____ to the Workers' Compensation Appeals

Board. [List the date(s) the order(s) was filed in the court clerk's office]

**Judge**_____

## Statement of the Issues

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

## Additional Information

**Type of Case** [Check the most appropriate item]

- ☐ Temporary disability benefits
- ☐ Medical benefits for current injury
- ☐ Medical benefits under prior order issued by the Court

## List of Parties

**Appellant (Requesting Party):**_____At Hearing: ☐Employer ☐Employee

Address:_____

Party's Phone:_____ Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code:_____

Attorney's Email:_____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____  SF#: _____ DOI: _____

## Appellee(s)

**Appellee (Opposing Party):**_____ At Hearing: ☐ Employer ☐ Employee

Appellee's Address: _____

Appellee's Phone:_____ Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code: _____

Attorney's Email:_____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I,_____, certify that I have forwarded a true and exact copy of this
Expedited Hearing Notice of Appeal by First Class, United States Mail, postage prepaid, to all parties
and/or their attorneys in this case in accordance with Rule 0800-02-22.01(2) of the Tennessee Rules
of Board of Workers' Compensation Appeals on this the_____day of_____, 20___

[Signature of appellant or attorney for appellant]    _____



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

## AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name:_____  2. Address: _____

3. Telephone Number: _____  4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

6. I am employed by: _____

My employer's address is: _____

My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | |
|---|---|---|
| AFDC | $ _____ per month | beginning _____ |
| SSI | $ _____ per month | beginning _____ |
| Retirement | $ _____ per month | beginning _____ |
| Disability | $ _____ per month | beginning _____ |
| Unemployment | $ _____ per month | beginning _____ |
| Worker's Comp. | $ _____ per month | beginning _____ |
| Other | $ _____ per month | beginning _____ |

LB-1108 (REV 11/15)                                                      RDA 11082

9. My expenses are:

Rent/House Payment $ _____ per month    Medical/Dental   $ _____ per month

Groceries    $ _____ per month    Telephone    $ _____ per month

Electricity    $ _____ per month    School Supplies $ _____ per month

Water    $ _____ per month    Clothing    $ _____ per month

Gas    $ _____ per month    Child Care    $ _____ per month

Transportation   $ _____ per month    Child Support   $ _____ per month

Car    $ _____ per month

Other    $ _____ per month (describe: _____ )

10. Assets:

Automobile    $ _____    (FMV) _____

Checking/Savings Acct. $ _____

House    $ _____    (FMV) _____

Other    $ _____    Describe: _____

11. My debts are:

| Amount Owed | To Whom |
| --- | --- |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____

APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____

NOTARY PUBLIC

My Commission Expires: _____